UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/22
```

LIBERTY WELLNESS CHIROPRACTIC,

                Plaintiff,

        - against -

EMPIRE HEALTHCHOICE HMO, INC. d/b/a
EMPIRE BLUE CROSS BLUE SHIELD HMO; and
EMPIRE HEALTHCHOICE ASSURANCE, INC.
d/b/a EMPIRE BLUECROSS BLUESHIELD,

                Defendants.

21 Civ. 02132 (LLS)

ORDER

    Plaintiff Liberty Wellness Chiropractic, a Manhattan medical provider, alleges that defendants Empire Healthchoice HMO and Empire Healthchoice Assurance ("Empire"), administrators of health benefits plans, utilized a process called prepayment review to wrongfully deny an unspecified number of payments for services performed by plaintiff to an unidentified group of patients. Based on that alleged misconduct, plaintiff brings claims under ERISA and various state law causes of action, including violation of N.Y. Insurance Law § 3224-A, Tortious Interference with Prospective Economic advantage, Breach of Contract, and Unjust Enrichment. The Complaint does not identify the patient claims, any of the relevant health benefit plans, or any specific provisions of those plans under which plaintiff seeks relief.

    Empire moves to dismiss Count One under ERISA as time-barred by contractual statute of limitations in the health benefit plans, for lack of standing, for failure to exhaust the

-1-

administrative remedies provided for in the plans, and for failure to identify the applicable plan provisions. Those grounds necessarily rely on the availability and analysis of the health benefit plans.

Plaintiff alleges that it requested the relevant plan documents from Empire, but never received them. Compl. ¶ 18. Empire states that plaintiff could have obtained the plans through its patients, and that Empire was not able to produce the exact plans that relate to plaintiff's claims because plaintiff never provided it with a list of those claims. Reply Br. at 7, 11. Plaintiff alleges that after the action was filed, it did provide Empire with a claims lists that included the patient names, member ID numbers, dates of service, amounts billed, amounts paid by Empire and, where available, the claim number. See Compl. ¶ 26.

Arguably, that information should be enough for Empire to conclusively identify which plans govern the nearly 1,000 claims submitted by plaintiff. However, defendants explain that because the list was provided "for settlement purposes only", it could not rely on the information therein in its motion to dismiss briefing, and therefore, it was unable at the time to determine which defenses are applicable to which specific claims. See Df. Br. at 9 n.4; Reply Br. at 3-4. Instead, based on a review of historical data, Empire attached what it characterizes as the health plans that *may* govern the claims that plaintiff seeks to

-2-

recover under. See Df. Br. at 3 n. 3.

Plaintiff replies arguing that nothing in Rule 408 prohibits defendants, or the Court, from relying on the claims list (which is absent from the docket). It also disputes the authenticity and relevance of the potential plans defendant attaches to its motion, arguing that they may not be linked to any of Liberty's claims and that there is no way to ensure they are authentic, accurate or even relevant to the claims. See Pl. Opp'n Br. at 7.

The Court is reluctant to operate under hypothetical facts when ruling on the interpretation and enforceability of the documents. See Mbody Minimally Invasive Surgery, P.C. v. United Healthcare Ins. Co., No. 14 CIV. 2495 (ER), 2016 WL 4382709, at *7 (S.D.N.Y. Aug. 16, 2016) ("Plaintiffs' objection to the authenticity or completeness of the plan documents submitted is charitably described as implausible. Nonetheless, the requirement that there be no dispute about the authenticity of documents integral to the complaint has been interpreted strictly: even implicit, conclusory, contradictory, or implausible objections to the authenticity or accuracy of a document render consideration impermissible.")(internal citations and quotation marks omitted).

Therefore, Empire's motion is dismissed as premature, and plaintiff is directed to amend its pleadings to specify the claims it makes, by use of the claims list (under seal if

-3-

necessary) and the plan provisions applicable to each claim.

Empire may then renew its motion to dismiss, upon documents

sufficient to support a judicial determination.

So Ordered.

Dated:    New York, New York
          May 13, 2022

Louis L. Stanton
Louis L. Stanton
U.S.D.J.